## Markle, Appellant, v. Sordoni.

Argued April 13, 1948. Before MAXEY, C. J., DREW, LINN, STERN, PATTERSON, STEARNE and JONES, JJ.

*David B. Skillman,* with him *Ben R. Jones, Jr., Paul Bedford* and *Bedford, Waller, Jones & Darling,* for appellant.

*Joseph W. Henderson,* with him *Robert J. Doran, Reynolds & Reynolds* and *Rawle & Henderson,* for appellee.

PER CURIAM, May 24, 1948:

This is a suit in assumpsit brought by a vendor against a vendee for breach of a contract in writing to purchase specific securities. Plaintiff averred in his Statement of Claim his continued readiness and willingness to make delivery of the securities in accordance with the terms of an Option Agreement between the parties. Defendant filed an Affidavit of Defense raising the question of the sufficiency of the plaintiff's Statement to sustain an action of law. On February 10, 1947, the court below decided the questions of law raised by the

defendant in favor of the plaintiff and the defendant was directed to answer to the merits. Defendant filed such Answer on or about March 8, 1947. To this Answer the plaintiff filed Preliminary Objections under the new Rules of Civil Procedure (No. 1028) in the nature of a Motion to Strike Off. On June 20, 1947, the Court below sustained the Preliminary Objections, struck the Answer off, and directed the defendant to file an Amended Answer. On or about July 7, 1947, the defendant filed an Amended Answer which the Court below found set up two defenses as follows:

"(1) Plaintiff did not use 'every reasonable effort' to acquire the securities which he did not own, as he agreed to do; and

"(2) that the execution of the option agreement was induced by a contemporaneous parol agreement with the plaintiff that if the option was acted upon plaintiff would deliver to the defendant all the securities of the Company, other than the first mortgage bonds for $361,220.00."

On July 15, 1947, the plaintiff filed Preliminary Objections to the Amended Answer in the nature of a demurrer under which it was contended: (1) that by his letter of February 2, 1946 the defendant had waived the requirement that the plaintiff use every reasonable effort to acquire the unowned securities; and (2) the defense—contemporaneous parol agreement—was precluded by the parol evidence rule.

On October 22, 1947, President Judge VALENTINE made the following order: ". . . the demurrer is overruled and the preliminary objections to the amended answer dismissed." He said just before he made the order: "Summary judgment may only be entered in clear cases. Plaintiff's right to recover the full contract price is, at least, gravely doubtful." For the reason thus stated by President Judge VALENTINE, the order of October 22nd is affirmed.